## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LOUIS VENNELL,

     Plaintiff,

        v.                             CASE NO.

BLUESTEM BRANDS, INC.
d/b/a Fingerhut,

     Defendant.

_____/

### PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, LOUIS VENNELL ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for his Complaint against Defendant, BLUESTEM BRANDS, INC. d/b/a Fingerhut ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*.

### JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 47 U.S.C. § 227.

3.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the conduct giving rise to this action occurred in this district as Plaintiff resides in this district and Defendant transacts business in this district.

## PARTIES

4.      Plaintiff is a natural person at all times relevant residing in Pinellas Park, Florida, Pinellas County.

5.      Plaintiff is a consumer as that term is defined by Fla. Stat. § 559.55(2) and owes or allegedly owes a debt as that term is defined by Fla. Stat. § 559.55(1).

6.      Defendant is a business entity incorporated in Delaware and headquartered at 6509 Flying Cloud Drv., Eden Prairie, Minnesota 55344.

7.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8.      In or before 2014, Defendant began placing telephone calls to (727) 515-82XX, Plaintiff's cellular telephone.

9.      Defendant called Plaintiff using telephone numbers (800) 503-2463, (800) 503-2462, (800) 503-2370, (866) 836-8987, and (877) 503-6145.

10.     Upon information and good faith belief, based on the frequency, number, nature and character of these calls, Defendant used an automatic telephone dialing system or other equipment capable of storing and/or producing telephone numbers ("auto dialer") to call Plaintiff.

11.     Defendant placed these calls to collect money from Plaintiff for purchases made online or from a catalogue.

12.     The purchases were for personal, family, and household use.

13.     Defendant's calls to Plaintiff were for a non-emergency purpose.

14.     On or before May 2, 2014, Plaintiff instructed Defendant to stop calling him.

2

15.    Plaintiff revoked any consent, actual or implied, for Defendant to use an auto dialer to call her cell phone.

16.    Defendant continued to use an auto dialer to call Plaintiff's cell phone.

17.    Defendant intended to use an auto dialer to call Plaintiff's cell phone.

18.    Defendant knowingly, willfully, and voluntarily used an auto dialer to call Plaintiff's cell phone.

19.    Since May 9, 2014, Defendant used an auto dialer to call Plaintiff's cell phone at least five hundred five (505) times.

20.    On multiple occasions Defendant called Plaintiff four (4) and six (6) times in a single day.

21.    Defendant did not have Plaintiff's express consent to use an auto dialer to place these calls.

22.    Plaintiff felt harassed and annoyed as a direct and natural result of Defendant's repeated collection calls to his cell phone.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT

23.    Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

24.    Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for

the following:

25.    Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

26.    Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

27.    All court costs, witness fees and other fees incurred; and

28.    Any other relief that this Honorable Court deems appropriate.

## COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

29.    Plaintiff re-alleges and incorporates the foregoing paragraphs herein.

30.    Defendant violated the FCCPA based on the following:

    a)    Defendant violated § 559.72(7) of the FCCPA by engaging in conduct which can reasonably be expected to abuse or harass Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

31.    Statutory damages pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

32.    Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

33.    Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _____

Shireen Hormozdi
Florida Bar No. 0882461
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Phone:  (323) 988-2400 x 267
Fax:     (866) 861-1390
shormozdi@consumerlawcenter.com
Attorney for Plaintiff